Filed 11/21/23  P. v. Washington CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAWUAN JAVONYA WASHINGTON,<br><br>    Defendant and Appellant. | B326312<br><br>(Los Angeles County Super. Ct. No. MA079441) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# INTRODUCTION

Dawuan Javonya Washington appeals from his convictions pursuant to a plea of no contest for attempted murder (Pen. Code, §§ 187, subd. (a), 664) and robbery (§ 211).[1]  We appointed counsel to represent Washington in this appeal.  Washington's appointed counsel reviewed the record and did not identify any arguable issues.  Nor, after reviewing the record independently, have we.  Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

The People charged Washington with various crimes committed on July 14 and 15, 2020: one count of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664); two counts of assault with a firearm (§ 245, subd. (b)); two counts of robbery (§ 211); one count of discharging a firearm at an occupied motor vehicle (§ 246); one count of fleeing or attempting to elude a pursuing peace officer while driving a vehicle in willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2); and two counts of conspiracy to commit a crime (§ 182, subd. (a)(1)).  For four of the counts, the People alleged that Washington personally inflicted great bodily injury causing the victim to become comatose due to brain injury or to suffer paralysis of a permanent nature (§ 12022.7, subd. (b)) and that he personally used a firearm (§ 12022.5, subds. (a) & (d)).  For three of the counts, the People alleged Washington personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally

---

[1]  Undesignated statutory references are to the Penal Code.

discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).

On October 13, 2022, following advisement and waiver of his constitutional rights, Washington, represented by counsel, pleaded no contest to attempted murder (without admitting the premeditation allegation) and one count of robbery. He also admitted that he inflicted great bodily injury, within the meaning of section 12022.7, subdivision (b), and that he personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivision (c). Washington also admitted, as aggravating factors, that the crime involved great violence and a high degree of callousness, and that a victim was particularly vulnerable. The trial court accepted Washington's pleas and admissions.

On November 1, 2022 the trial court sentenced Washington to the agreed-upon sentence of 34 years in prison. The court dismissed the remaining counts and allegations pursuant to the plea agreement. Washington filed a timely notice of appeal, but did not obtain a certificate of probable cause. (§ 1237.5, subd. (b).)

## DISCUSSION

After reviewing the record, counsel for Washington filed an opening brief raising no issues. On September 19, 2023 counsel, at our direction, sent Washington the record on appeal and a copy of her opening brief. Counsel also informed Washington that he could file a supplemental brief within 30 days. We have not received a response. We have examined the record and are

satisfied that appellate counsel for Washington has complied with her responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 117-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


SEGAL, Acting P. J.

We concur:



FEUER, J.



MARTINEZ, J.

4